# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:22-CR-66 |
| | ) | |
| CHARLES W. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

      The United States of America, by Jessica D. Aber, United States Attorney, and Matthew J. Heck, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. §3553(a). The government has no objection to the content of the Presentence Investigation Report (PSR). According to the PSR, the correct advisory calculation under the United States Sentencing Guidelines (U.S.S.G., or "Guidelines) is 108-135 months of imprisonment, and one (1) to five (5) years of supervised release. Based on the nature of the offense, and the defendant's characteristics, the United States respectfully requests a sentence of imprisonment at the low end of the guidelines range as finally calculated based on all the pre-sentencing pleadings filed in this case as it would be sufficient but no greater than necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### I. MOTION FOR ACCEPTANCE OF RESPONSIBILITY

      Because of the defendant's timely plea, a motion to reduce the offense level an additional one point under U.S.S.G. § 3E1.1 is appropriate as has been done in this case. The government represents to the Court that this defendant has complied with *all* aspects of his plea agreement in all respects and fully to date.

## II. PROCEDURAL BACKGROUND

On May 25, 2022, Charles W. Jones (JONES) was named in a one count criminal information charging him with Accepting a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(C).  PSR ¶ 1.  On June 17, 2022, JONES appeared before the Honorable Robert J. Krask, and pled guilty to the criminal information.  PSR ¶ 2.  The court accepted his plea and sentencing was continued before the Honorable Arenda L. Wright Allen.

## III.  FACTUAL BACKGROUND

At the time of the instant offenses JONES was employed as a Supervisory Construction Control Representative with the United States General Services Administration (GSA), an agency of the United States Government ("the government"), in Richmond, Virginia. PSR ¶ 7.1.  In the government contracting context, JONES was a Contracting Officer's Representative and had authority to evaluate proposals, make recommendations, and supervise and influence the contracting activities of other GSA employees.  *Id*. As part of his official GSA duties, JONES had responsibility for the management and oversight of construction and renovation projects at certain federal courthouse buildings and other federal buildings throughout the Norfolk, Richmond, and Alexandria, Virginia, areas — all of which were within the Eastern District of Virginia. Furthermore, from some time in 2014 until August of 2019, JONES maintained an office in Richmond, Virginia. JONES also managed federal construction, repair, and renovation projects at the United States District Courthouse in Harrisonburg, Virginia, the Federal Executive Institute in Charlottesville, Virginia, and the Toulson Federal Building in Salisbury, Maryland, among others. *Id*. Due to his position within the federal government,

JONES was a "public official" as defined within Title 18, United States Code, Section 201(a)(1). *Id*.

JONES formed two limited liability companies (LLC), which did business as WCN Consulting, LLC (WCN) and CLH CONS (CLH). PSR ¶ 7.2. JONES used these business entities to conceal payments from prime contractors and subcontractors relating to his oversight of government construction projects. *Id*. These business entities had no employees, no actual business expenses, and performed no legitimate services of any kind. *Id*. JONES received illicit payments in the form of both cash and business checks relating to GSA-funded construction projects at various Federal facilities including, but not limited to, the following: the Lewis F. Powell United States Courthouse, Richmond, Virginia; the Walter E. Hoffman United States Courthouse, Norfolk, Virginia; and the Owen B. Pickett United States Custom House, Norfolk, Virginia, which were within the Eastern District of Virginia. *Id*.

In or about 2014, JONES and D.C. entered into an agreement wherein JONES recommended GSA-funded projects to Firm B, via GSA prime contractors0, in exchange for a portion of a percentage of the profits earned by Firm B from these GSA-funded projects. PSR ¶ 7.5. As part of the agreement, JONES recommended that prime contractors select Firm B as a subcontractor to perform work in fulfillment of a prime contractor's obligations under its contract with the federal government. *Id*. Such recommendations were outside the scope of his official duties. *Id*. JONES accepted payments from D.C. to pay JONES through WCN after Firm B was selected and received payment from the prime contractor. *Id*. From on or about December 2014 until January 2016, D.C. directed payments from Firm B to JONES via kickback payments

through WCN which totaled approximately $61,692.00. D.C. directed all such payments from Firm B to JONES.  *Id*.

In early January 2016, D.C. stopped doing business through Firm B and began conducting business through Firm C.  PSR ¶ 7.8.  D.C. and his spouse independently owned and operated Firm C. Between January 2016 and October 2019, Firm C received payments from the United States Government, via GSA prime contractors, of approximately $4.6 million for construction work performed on GSA projects.  *Id*. Prior to forming this illegal relationship with JONES, D.C. had never submitted bids on subcontract work on United States Government construction projects on his own.  *Id*.

Beginning in approximately late December 2015, and continuing until approximately August 2019, JONES created false and fictitious remittance invoices in the names of WCN and CLH.  PSR 7.9.  JONES provided these false invoices to D.C. for services purportedly performed by WCN and CLH related to the aforementioned GSA-funded projects when, in fact, no such work was performed by either WCN or CLH.  *Id*. In turn, D.C. through Firm C issued business checks to WCN and CLH that totaled $349,500.00.  *Id*.

In order to influence the award of government contracts to Firm C, JONES recommended Firm C to prime contractors conducting business with the GSA including, but not limited to, to Firm T and Firm S.  PSR ¶ 7.14. Firm T and Firm S are located in the Eastern District of Virginia.  *Id*. JONES made these recommendations as part of the agreement between himself and D.C.  *Id*.  Firm T and Firm S utilized Firm C on at least one occasion due to JONES's recommendations.  PSR 7.15. These contracts included contracts for work performed on the Powell Courthouse located in Richmond, Virginia.  *Id*.  Neither JONES nor his LLCs, WCN and

4

CLH, performed any legitimate work or services relating to payments directed by D.C. through Firms B and C to JONES. PSR ¶ 7.17. These payments totaled approximately $411,192.00. *Id*.

JONES approached J.S. and asked for payments from her. She was the President of a government contractor. PSR ¶ 7.17. In July of 2018, JONES and J.S. agreed that JONES would recommend J.S.'s company to be awarded GSA-funded construction projects. In exchange, J.S. agreed to pay JONES three (3) percent of the value of the contract that JONES directed toward her company. *Id*. In addition, JONES would direct J.S. to utilize certain subcontractors on certain projects. *Id*. On May 6, 2019, J.S.'s company was awarded a GSA set-aside contract to perform flood demolition and renovation work at the Lewis F. Powell Jr., United States Courthouse in Richmond, Virginia. *Id*. The value of this contract to J.S.'s company was $1,369,501.44. In October 2019, J.S. met with JONES in the parking lot of a gas station located in New Kent, Virginia, wherein they discussed Powell Courthouse contract. *Id*. At the conclusion of this meeting, J.S. made a cash bribe payment to JONES in the amount of approximately $22,000.00 relating to the Powell Courthouse project. *Id*. It should be noted that all contracts awarded to J.S. in which JONES had any involvement were fully performed and successfully completed to the satisfaction of the Government. *Id*.

## IV. STANDARDS GOVERNING SENTENCING

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id*. at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 S. Ct. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor

among several courts must consider in determining an appropriate sentence." *Id.* at 564.  Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97.  The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

## V. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A. Nature and Circumstances of the Offense and General Deterrence

The defendant's crime is undoubtedly serious, as a public official involved in procurement decisions, he should have placed his loyalty to the United States above private gain. Instead, the defendant used his position to enrich himself breaching the trust that the American public placed in him. All during a time, where trust in public officials is low. For that reason, it is imperative that this court fashion a sentence that reminds the public that corrupt public officials will be punished harshly. A key objective of sentencing corrupt public officials should be to deter public officials from engaging in corruption. *see United States v. Morgan*, Nos. 13-6025, 13-6052, 2015 WL 6773933, at *22 (10th Cir. Nov. 6, 2015) ("Deterrence is a crucial factor in sentencing decisions for economic and public corruption crimes."); *Id*. at *22 (reversing and remanding for resentencing five-year probationary sentence for elected official engaged in bribery who had an advisory guideline range of 41 to 51 months; noting that it is difficult to discern "how a non-custodial sentence would deter public officials from soliciting bribes," because, among other reasons, "[g]eneral deterrence comes from a probability of conviction and significant consequences.").

JONES received bribe payments that provided preferential treatment to contracting firms that resulted in those firms receiving millions of dollars in government contracts. He did all this to enrich himself. In total he received $433,192.00 in bribes from two government contractors. Under these circumstances, the Government's requested term of imprisonment, is sufficient but not greater than necessary to comply with the sentencing factors set forth under 18 U.S.C. §

3553(a). Anything less would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or adequately deter other public officials from engaging in corruption.

### B. History and Characteristics of the Defendant

The defendant's history and characteristics also the Government's recommendation. The defendant's military service and time as a government employee demonstrate he knew better than to accept bribes. JONES has accepted responsibility for his actions from the beginning. This all tends to support the Government's recommendation.

### B.    Need to Avoid Unwanted Sentencing Disparities

This court must also fashion a sentence that avoids unwanted sentencing disparities. In doing so, the court must consider the type of sentences imposed upon other defendants from receiving disparate sentences.

The case of *United States v. Strickland*, 2:22-CR-30, supports the Government's recommended sentence. In that case, Ms. Strickland bribed the defendant for a contract valued at over a million dollars. Ms. Strickland received a sentence of 36 months' probation, including 18 months home confinement. JONES not only accepted bribes from Ms. Strickland, but he also accepted bribes from another government contractor for an extended period.

In addition, the case of *United States v. Crowe*, 2:22-CR-33, also supports the government's recommended sentence. In that case, Mr. Crowe bribed the defendant from approximately 2014 through 2019 receiving contracts valued at over 4 million dollars in exchange for paying the defendant hundreds of thousands of dollars. Mr. Crowe received a sentence of 8 months imprisonment.

Furthermore, what distinguishes JONES from Mr. Crowe and Ms. Strickland was that JONES was a government official who had been placed in a position of trust to guard against corruption. According to Mr. Crowe and Ms. Strickland it was the defendant who approached them. While they share blame in this criminal conduct, it was the defendant who had a responsibility to protect the government. Instead, he utilized his position to enrich himself. These aggravating factors differentiate the defendant from Ms. Strickland and Mr. Crowe from the defendant and support the Government's recommended sentence.

## VII.  CONCLUSION

The government agrees that the PSR's Guidelines calculations are correct. For the reasons stated above, the government asks the Court to impose a sentence of a sentence of imprisonment at the low end of the guidelines range as finally calculated based on all the pre-sentencing pleadings filed in this case.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:  _____/s/_____
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jeffrey A. Swartz, Esquire
220 West Freemason Street
Norfolk, Virginia 23510
(757) 275-5000

I further certify that on this 22nd day of February 2022, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Jeffrey A. Noll
United States Probation Officer
827 Diligence Drive, Suite 210
Suite 210
Norfolk, Virginia 23510
(757) 222-7312

/s/
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov